Joan GREEN, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 882S326.

Supreme Court of Indiana.

Oct. 30, 1984.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., G. Douglas Seidman, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a trial by jury, Defendant (Appellant) was convicted of murder, Ind.Code § 35-42-1-1 (Burns 1979), upon a verdict of "guilty, but mentally ill" pursuant to Ind. Code § 35-5-2-3 (Burns 1979) [repealed effective September 1, 1982 and replaced by Ind.Code § 35-36-2-1 *et seq.* (Burns Supp. 1984)]. Her direct appeal presents seven (7) issues for our review:

1. Whether the verdict is contrary to law;

2. Whether the trial court erred in denying Defendant's motion to present evidence first and to open and close the arguments to the jury;

3. Whether the trial court erred in granting portions of the State's motion *in limine;*

4. Whether the trial court erred in denying Defendant's motion for mistrial;

5. Whether the trial court erred in enhancing Defendant's sentence;

6. Whether the trial court erred in giving two of its final instructions;

7. Whether Ind.Code § 35-5-2-3, the statute providing for the guilty but mentally ill verdict, is unconstitutional.

The record disclosed that on September 14, 1981, the Defendant bludgeoned her ten-year old daughter, Rebecca, to death with an iron skillet.

## ISSUE I

Defendant presented an insanity defense at trial; however, the jury found her to be guilty, but mentally ill. Ind.Code § 35-5-2-3. When a defendant enters a plea of not guilty by reason of insanity, he bears the burden of proof on the issue, Ind.Code § 35-41-4-1(b) (Burns 1979); *Basham v. State,* (1981) Ind., 422 N.E.2d 1206, 1209, and he may challenge the jury verdict only by an assignment that the verdict is contrary to law. *Price v. State,* (1980) 274 Ind. 479, 412 N.E.2d 783, 786. Our standard of review in such case was set forth in *Turner v. State,* (1981) Ind., 428 N.E.2d 1244, 1246, as follows:

"One who has interposed such a defense and failed therein at the trial level has a monumental burden if he seeks to upset the finding of the fact trier on appeal, for he is appealing from a negative finding, and the issue is not whether or not the finding was sustained by the evidence but rather whether it was contrary to all the evidence and hence contrary to law. It is only where the evidence is without conflict and leads to but one conclusion and the trier of fact has reached an opposite conclusion, that the decision predicated upon such finding will be disturbed as being contrary to law. *Walker v. State,* (1978) 267 Ind. 649, 651, 372 N.E.2d 739, 740."

Ind.Code § 35-41-3-6(a) (Burns 1979) provides for the defense of insanity as follows:

"A person is not responsible for having engaged in prohibited conduct if, as a result of mental disease or defect, he lacked substantial capacity either to appreciate the wrongfulness of the conduct or to conform his conduct to the requirements of law."

Three of the four psychiatrists who testified at trial opined that Defendant was insane at the time she committed the offense. A fourth psychiatrist, Dr. Musselman, testified that, in his opinion, the Defendant realized that her act was wrong. He offered no opinion as to whether she could conform her conduct to the requirements of the law: "I do not know absolutely.... I feel it would be practically impossible to tell with any degree of certainty.... It would be only a guess." Hence, Defendant argues, there was no "meaningful" conflict in the evidence; and, inasmuch as the evidence established that Defendant was insane at the time of the offense, the verdict is contrary to law. We do not agree.

There was other evidence from which the jury could have concluded that the Defendant was not insane. Detective Gary Kenawell testified that, in his opinion, after having observed and conversed with the Defendant the day after the murder, the Defendant was sane. The jury may disregard psychiatric testimony that a Defendant was insane and rely upon lay testimony that the Defendant was sane. *Taylor v. State*, (1982) Ind., 440 N.E.2d 1109, 1110. Moreover, there was additional evidence of probative value from which the jury could have inferred that Defendant was sane. After beating her daughter with the skillet, Defendant changed her clothing, told her daughter's schoolmate that Rebecca was not going to school, packed a suitcase, ripped a page from an address book bearing the name of a friend in Chicago, withdrew money from the bank, purchased a bus ticket, and went to her friend's house. Dr. Musselman testified that these acts "demonstrate sane type behavior."

When police officer Smith went to the home in Chicago where Defendant was staying the day following the murder, he found Defendant to be calm and able to converse with him. She knew where she was and who he was. He did not notice "anything else unusual about her."

Inasmuch as there was conflicting evidence regarding Defendant's sanity, under our standard of review, the verdict cannot be said to be contrary to law. *Taylor v. State*, 440 N.E.2d at 1110–1111; *Thomas v. State*, (1981) Ind., 420 N.E.2d 1216, 1218; *Stader v. State*, (1983) Ind.App., 453 N.E.2d 1032, 1033.

## ISSUE II

Defendant assigns as reversible error the trial court's denial of her motion to present the initial opening statement, to present her case first, and to have the opening and closing arguments. Her argument is that, inasmuch as she had filed an "Admission of Facts" to the effect that she had caused her daughter's death by repeatedly striking her with an iron skillet, the sole issue to be contested was whether she was sane. The reasoning then continues that because she had the burden of proof on the issue of insanity she should have been allowed to present her statements, evidence, and argument in the order requested. Her argument fails for two reasons. First, Ind.Code § 35–1–35–1 [repealed and replaced by Ind.Code § 35–37–2–2, effective September 1, 1982] provides that the prosecuting attorney has the privilege to open, to present his evidence first, and to have the opening and closing arguments. Second, although Defendant did bear the burden of proof on the insanity issue, the State had the ultimate burden of proving that the Defendant knowingly or intentionally killed her daughter. The fact that Defendant had the burden of establishing her affirmative defense does not alter the requisite that the State prove its case.

The Defendant's reliance upon *Toussaint v. State*, (1922) 92 Tex.Cr.R. 374, 244 S.W. 514 is misplaced. Instead of supporting her position, it supports our holding here. Therein the court observed:

"There was, in our opinion, no error in the court's refusing to permit the appellant's attorneys to open and conclude the argument. The statute (article 724, Code of Crim.Proc.) accords to the state's

counsel the privilege of opening and concluding the argument in a criminal case tried on the issue of not guilty and article 1020, ... giving to the accused such right, does not relate to a trial, where the issue of guilt or innocence is involved, but only to a trial of the issue of insanity after verdict of guilty."

*Id.* 244 S.W. 1 at 515.

## ISSUE III

 Defendant assigns as reversible error the trial court's granting of the State's motion *in limine* with regard to testimony of various aspects of Defendant's behavior. However, the State correctly notes in its brief that rulings on motions *in limine* are not reviewable on appeal. *Wilson v. State,* (1982) Ind., 432 N.E.2d 30, 33; *Akins v. State,* (1981) Ind., 429 N.E.2d 232, 237; *McCraney v. State,* (1981) Ind., 425 N.E.2d 151, 152. In order to have preserved error for appeal the Defendant was required to offer the evidence that was subject to the motion and to obtain, thereby, a final ruling on its admissibility.

## ISSUE IV

During the testimony of the doctor who had performed the autopsy on the body of Defendant's daughter, the court admitted several photographs which were discussed and displayed to the jury. In addition, the doctor demonstrated his theory of how the blows had been inflicted. At that time, one of the jurors became ill. The court recessed, and Defendant moved for a mistrial, arguing that the jurors would be prejudiced by the illness of the juror.

 The denial of a motion for mistrial will be reversed only upon a showing that the defendant has been placed in a "position of grave peril to which he should not have been subjected." *Morgan v. State,* (1981) Ind., 419 N.E.2d 964, 967. Defendant has not demonstrated how she was placed in a position of grave peril by the incident related.

## ISSUE V

Defendant argues that inasmuch as the jury found her guilty but mentally ill, it was improper for the trial court to sentence her to more than the presumptive sentence of forty years for the crime of murder. She questions taking "the very facts of the case which most strongly relate to and which clearly only came about because of her mental illness and turn[ing] them into aggravating factors instead of mitigating ones." (Brief of Appellant, p. 82).

The trial court listed as aggravating factors the following: (1) it was the most brutal and gruesome homicide the court had personally seen; (2) the Defendant planned to kill her daughter and had a motive of revenge; (3) the victim was young; (4) the Defendant had shown no remorse for her action; (5) the Defendant needed long term commitment to a mental health or penal facility; (6) a lesser sentence would depreciate the seriousness of the crime; and (7) while the Defendant might have had troubles, she had failed to seek help. From these circumstances, the court determined that a sentence of sixty (60) years would be appropriate. However, in view of the mitigating factors that Defendant had no previous record and that the jury had found her to be mentally ill the court was persuaded to impose only a fifty (50) year sentence.

 It is within the discretion of the trial court to determine whether the presumptive sentence for a crime will be increased or decreased because of aggravating or mitigating circumstances. *Gaunt v. State,* (1983) Ind., 457 N.E.2d 211, 216. The sentence here imposed by the court is within the statutory bounds; therefore, we will alter the sentence only if it is manifestly unreasonable. *Id.; Bryan v. State,* (1982) Ind., 438 N.E.2d 709, 719. A sentence is not manifestly unreasonable "unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed." Ind.R.App.Rev.Sen. 2(2). In view of the nature of the offense and

the offender, we cannot say that the sentence is manifestly unreasonable.

## ISSUE VI

■ Defendant did not object, at trial, to the instructions given, but she now claims that the trial court committed fundamental error when it gave jury instructions numbers 6 and 8. Instruction number 6 set forth the verdict choices available to the jury and defined the term "mentally ill." Instruction number 8 defined the defense of insanity. The argument is that although the jury was informed regarding the burden of proof upon the insanity defense, neither instruction informed the jury concerning the burden of proof and who must bear it regarding the guilty but mentally ill verdict. Several instructions, however, adequately informed the jury that the State had the burden of proving each of the elements of the crime beyond a reasonable doubt. In the pertinent part of Instruction Number 20, for example, the jury was instructed as follows:

"If you find the State did prove each of these elements beyond a reasonable doubt, and you further find at the time of such conduct she did not suffer from any mental disease or defect and that she did have the substantial capacity to appreciate the wrongfulness of her conduct and to conform her conduct to the requirements of law, but you do find at the time of said acts she suffered from mental retardation or had a psychiatric disorder which substantial (sic) disturbed her thinking, feeling or behavior and impaired her ability to function, then you should find the defendant guilty of murder, but mentally ill at the time of the offense."

The instructions are not fatally incomplete because they lack a reference to the burden of proof for a finding that Defendant was mentally ill. Instruction number 20 adequately sets forth the circumstances under which it may find the Defendant guilty, but mentally ill.

■ Moreover, the jury having found, beyond a reasonable doubt, that Defendant committed the crime of murder, a further finding that she was mentally ill cannot have harmed her. The Defendant may not argue defective instructions on an issue determined in her favor.

## ISSUE VII

■ Finally, Defendant argues that the statute providing for the verdict of guilty but mentally ill is unconstitutional because it denied her rights to due process and equal protection of law. This Court, however, has previously determined that the statute violates neither a defendant's due process rights nor equal protection under the law. *Taylor v. State*, (1982) Ind., 440 N.E.2d 1109. Defendant's specific argument that the guilty but mentally ill verdict fulfills no legitimate state interest was also addressed in *Taylor* as follows:

"The 'guilty but mentally ill' verdict serves the state's interest in securing convictions justly obtained and in obtaining treatment for those convicted defendants who suffer mental illness. The classification is thus one which is reasonably related to a legislative purpose, as is necessary to withstand an equal protection attack."

*Id.* at 1112.

We find no reversible error; the judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PIVARNIK, JJ., concur.