Arthur C. WHITT, Appellant,

v.

STATE of Indiana, Appellee.

No. 885S341.

Supreme Court of Indiana.

Oct. 1, 1986.

Andrew Wright, Salem, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A jury trial resulted in a finding of Guilty of Murder but Mentally Ill. The jury recommended that the death penalty not be imposed. The trial judge imposed the maximum sentence of sixty (60) years.

The facts are: On April 1, 1984, appellant fatally shot Clyde Nichols, Jr., the former Sheriff of Washington County, as he left church services in Salem, Indiana. Witnesses to the crime overpowered appellant and he was taken into custody at the scene. Appellant had a history of encounters with Nichols, involving both criminal activity and domestic problems. He appears to have felt that Nichols was largely to blame for many of his problems.

Upon the filing of an insanity plea on appellant's behalf, the court appointed three psychiatrists to examine appellant. At trial each of the doctors testified that appellant had a mental illness. Two of the doctors diagnosed appellant as being "a paranoid schizophrenic." The third doctor diagnosed him as having "the mental disease of schizophrenia." Appellant had previously been hospitalized in the Veterans

Administration Hospital in Marion, Indiana, the Madison State Hospital in Madison, Indiana, and the Norman Beatty Hospital in Westville, Indiana. All of these admissions were the result of appellant's conduct indicating mental illness.

Appellant claims the trial court erred in denying his motion for mistrial. The State called Washington County Deputy Sheriff Rex Cowles as a witness. Cowles testified he was present when Detective Charles Maxey of the Indiana State Police attempted to conduct a custodial interrogation of appellant on April 3, 1984, in a private office at the Washington County jail. This interrogation occurred without the presence of an attorney and after appellant had requested an attorney at his initial appearance in court. At the beginning of the interrogation, Maxey read appellant his *Miranda* warnings, at which time appellant attempted to interrupt Maxey, stating "[a]re they going to go for the death penalty?" and "I was justified in what I done."

The State later called Washington County Sheriff John Agan as a witness. During the direct examination of Agan, the State attempted to elicit what appellant had said to Agan after he was taken into custody. Appellant's attorney objected to this testimony as a violation of his right against self-incrimination. The court sustained the objection.

The following day the State called Detective Maxey as a witness. When Maxey attempted to testify concerning the same encounter with appellant as was testified to by Deputy Sheriff Cowles on the previous day, appellant objected and the trial court sustained the objection. At that point appellant moved for a mistrial on the basis that the testimony of Cowles must now be found to be inadmissible, even though it had been submitted to the jury. The court overruled the motion for mistrial; however, the court sustained appellant's motion to strike the testimony of Cowles. The jury was admonished to disregard that particular testimony given by Cowles on the previous day.

Appellant now claims the overruling of his motion for mistrial was an abuse of the trial court's discretion. It is the position of appellant that the testimony of Cowles irreparably damaged his defense of insanity in that the statement attributed to him by Cowles would tend to convince the jury that he knew what he was doing at the time of the homicide.

The granting of a mistrial is within the sound discretion of the trial judge. We will not consider that discretion to be abused unless it has been demonstrated that appellant was placed in a position of grave peril to which he should not have been subjected or that the prosecution deliberately attempted to prejudice appellant. *Coleman v. State* (1986), Ind., 490 N.E.2d 325; *Manns v. State* (1985), Ind., 472 N.E.2d 918. A mistrial is an extreme action which is warranted only where no other recourse could remedy the situation. *Palmer v. State* (1985), Ind., 486 N.E.2d 477.

Although Cowles' testimony had been given the day before, the trial court, upon ascertaining that it should be stricken promptly, did so in the proper manner. We see no indication in this record that the prosecution was deliberately attempting to prejudice appellant, nor do we see that appellant was placed in a position of grave peril. The question posed by appellant as to whether or not they were going to go for the death penalty and his statement that he was justified in what he did could hardly be considered by the jury as statements indicating he was in control of his faculties at the time he committed the offense. In fact his statement that he was justified in what he did would be more supportive of his position of insanity than it would be of the State's position that he was of sound mind.

We see no abuse of the trial court's discretion in denying the motion for mistrial.

Appellant claims the trial court erred in rendering the maximum sentence of sixty (60) years in view of the jury's verdict of "guilty but mentally ill." The

statute governing the sentencing of a person found guilty but mentally ill is Ind. Code § 35–36–2–5. That statute specifically provides in part: "the court shall sentence him in the same manner as a defendant found guilty of the offense." The statute also states that the Department of Correction shall evaluate and treat such a person "in such a manner as is psychiatrically indicated for his mental illness."

Appellant takes the position that it is manifestly unjust for the trial court to sentence a person found guilty but mentally ill to the maximum penalty of sixty (60) years, which in appellant's case exceeds his life expectancy. There is nothing in the statute indicating that a person found guilty but mentally ill should not only be treated but should be released. The Department of Correction is charged with the safety and welfare of all of its inmates and is required to furnish necessary medical attention for each of them, including the mentally ill. This is true notwithstanding the passage of the statute referring to those found guilty but mentally ill.

Appellant appears to take the position that the Department of Correction cannot comply with the statute if he is to live out his life-span within the institution. This of course is not true. We must presume that even though he would remain an inmate in one of our penal institutions he would nevertheless benefit by treatment for his mental illness and that his quality of life could be improved by reason of such treatment. The reasons given by the trial judge for the enhancement of the sentence under the terms of the statute were entirely adequate. This Court reviewed a similar sentence of fifty (50) years in a murder case where there had been a finding of guilty but mentally ill. *Green v. State* (1984), Ind., 469 N.E.2d 1169.

We see nothing in this record to indicate reversible error in this regard.

The trial court is in all things affirmed.

DeBRULER, PIVARNIK and SHEPARD, JJ., concur.

DICKSON, J., concurs in result without separate opinion.