**Kimbol CLARK, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 03S00–8806–CR–592.**

Supreme Court of Indiana.

May 31, 1989.

Richard T. Eppard, Columbus, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Aiding, Inducing or Causing Dealing in Cocaine, a Class A felony, for which he received a sentence of twenty (20) years.

The facts are: Michael Bryant was a confidential informant for the Columbus Police Department. Appellant came to Bryant's apartment wanting to sell LSD. Appellant had a man named Neal Moore with him, whom he described as his backup man. Appellant again came to Bryant's apartment on December 17, 1986. The conversation between the men on that date was tape-recorded surreptitiously by Bryant. Appellant said he wanted to talk to Bryant about buying one-half ounce of cocaine. Bryant replied that all he wanted to buy was a couple of eight balls of cocaine. (An eight ball weighs three and one-half grams, or about an eighth of an ounce.) Appellant quoted a price of $245 per eight ball but told Bryant because he wanted two of them he could get them for $235 each. Bryant told appellant he would have to have some time to raise the money.

After appellant left, Bryant telephoned Detective Knulf and told him what had just occurred. Detective Knulf and Detective Olivio came to Bryant's apartment, strip-searched Bryant, and searched the living room area. Serial numbers were recorded from $500 in buy money which was given to Bryant.

Appellant returned about 10:00 p.m. and the detectives got inside a closet in Bryant's apartment where they could tape the conversation and observe the men. Appellant stated that he had to go to another place to get the cocaine. Bryant gave appellant $475 of the buy money. Appellant left, saying he would return about 11:30 p.m. However, he did not return that evening.

The next day, shortly after 1:00 p.m., Bryant was outside his home when Neal Moore drove up in appellant's automobile. Moore said that appellant had been in an automobile accident and was in the hospital. He stated he had something for Bryant. Bryant asked if it was the cocaine for which he had paid appellant the money the previous night. Moore stated that it was. He gave Bryant a small bag of powder. Bryant and Moore went into Bryant's apartment to weigh the powder. It weighed four to five grams. Bryant complained that the bag was supposed to weigh seven grams and told Moore to tell appellant he wanted to see him. The bag was subsequently turned over to Detective Knulf.

Appellant claims the trial court erred in denying his motions for a continuance. The first motion was filed on November 20, 1987 and a second motion was filed December 1, 1987. Appellant's trial commenced on December 3, 1987.

Appellant had been arrested on September 14, 1987 on the instant charge. The preliminary hearing was held on September 15 at which time certain deadlines were set for pretrial motions and discovery and a date was set for the pretrial conference. The court also gave two potential settings for trial, one January 7, 1988 and a second for February 2, 1988.

On September 29, 1987, appellant informed the court he had been unable to employ counsel, whereupon the court appointed a public defender to represent him. On October 26, 1987, the trial court rescheduled and advanced the trial setting for November 24, 1987. However, on October 30, 1987, Stephen Dillon entered his appearance for appellant and filed a motion for discovery. The trial court then on its own motion reset the trial for December 3, 1987.

Appellant filed a verified motion for continuance on November 20, 1987, which motion recited among other things a need to depose Detectives Knulf and Olivio and the confidential informant Bryant. This motion was denied on November 24, 1987. Appellant then filed notices of deposition for the detectives and the informant on November 25, 1987. Appellant then filed his verified motion for a continuance on December 1, 1987. This motion was also denied by the court and trial commenced on December 3.

Appellant now claims that his counsel did not have adequate time to prepare for trial and thus the denial of a continuance denied him due process. Requests for continuances are not generally favored and will be granted only in the furtherance of justice on a showing of good cause. *Keys v. State* (1979), 271 Ind. 52, 390 N.E.2d 148. Denial of a motion for continuance is reversible error only when there has been a clear abuse of discretion. *Woods v. State* (1985), Ind., 484 N.E.2d 3.

Appellant must make a specific showing that the additional time requested would have aided him in order to show an abuse of discretion on the part of the trial court. *Smith v. State* (1986), Ind., 490 N.E.2d 748. From the time attorney Dillon entered his appearance for appellant on October 30, 1987, until the date of trial, he had full information as to whom the State expected to call as witnesses. This entire time was available for the deposing or interviewing of the witnesses. This case was exceedingly simple with few witnesses. The trial court was justified in holding that over thirty days was ample time to prepare.

On the morning of the trial, the trial court did permit a recess for appellant's counsel to spend twenty minutes interviewing each of the two detectives who were to testify. Appellant now asserts this was not sufficient time; he does not state, however, in what way he was harmed by the court's action. We would further point out that neither detective was called by the State as a witness on the first day of trial. Therefore appellant's counsel had further opportunity to interview the detectives. There is nothing in this record nor does appellant allege any ground upon which we could find the trial court erred in refusing the continuances and commencing trial on December 3.

Appellant claims the trial court erred in refusing to permit him to impeach State's witness Michael Bryant by showing that he had a prior conviction for possession of burglary tools. We first would point out that the trial court granted the State's motion in limine concerning Bryant's prior record. This ruling in limine is not available as error for appellant. *Green v. State* (1984), Ind., 469 N.E.2d 1169. At the time the evidence is offered at trial, appellant must make an objection thereto. *Id.* This was not done in the case at bar; therefore the issue is waived.

However, we would further point out that the possession of burglary tools is not one of the crimes available for impeachment purposes. *Ashton v. Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210. Appel-

**12**

lant concedes the existence of *Ashton* but argues it is in error and should be overruled. However, this Court is not so inclined. The trial court did not err in excluding the evidence of Bryant's conviction for possession of burglary tools.

Appellant claims the trial court erred in permitting Bryant to testify concerning his conversation with Neal Moore when Moore delivered the cocaine on behalf of appellant. There is ample evidence in this record upon which the jury could find that appellant initiated the contacts with Bryant, offered to sell controlled substances, and brought Neal Moore with him indicating he was his backup man.

On the evening before Moore delivered the cocaine, appellant had made a specific arrangement with Bryant to deliver the cocaine and had accepted the money in payment therefor. Although appellant did not return that evening with the cocaine as promised, Moore did appear the following day driving appellant's automobile and deliver the cocaine. The fact that he was delivering the cocaine for appellant was abundantly obvious from the facts properly before the jury.

Even if we would assume for the sake of argument that Moore's exact statement to Bryant should not have come in evidence, it nevertheless was an utterance as a part of the *res gestae* of the crime and was admissible although otherwise objectionable. *Blankenship v. State* (1984), Ind., 462 N.E. 2d 1311; *Brown v. State* (1981), 275 Ind. 441, 417 N.E.2d 333.

Moore's statements were in furtherance of the crime in progress and merely verified what was abundantly clear from the facts already in evidence. The statement was therefore admissible. *Taylor v. State* (1986), Ind., 496 N.E.2d 561. The trial court did not err in permitting Bryant to testify as to his conversation with Moore.

Appellant claims there is insufficient evidence to support his conviction. He takes the position that at most there was evidence that he committed the crime of theft or the crime of aiding, inducing or causing dealing in cocaine, a Class B felony. He claims that in his dealing with Bryant, the word "cocaine" was not mentioned, that all they ever discussed was the sale of two "eight balls," and further that he never intended to deliver anything to Bryant, that his intention was to "rip off" Bryant by keeping the money. On its face, his evidence in this trial is little more than a self-serving declaration by appellant.

Appellant further claims that the State's expert witness, Freddie Lee Huttsell, testified that the powder which had been delivered to Bryant consisted of 4.6 grams. He further testified that there were inert materials mixed with the cocaine and he had not determined the purity percentage of the cocaine. Appellant thus argues there is insufficient evidence to show that he had caused to be delivered 4.6 grams of cocaine.

In interpreting Ind.Code § 35–48–4–1, this Court has determined that it is the total weight of the delivered substance and not its pure component that is to be considered. *Tobias v. State* (1985), Ind., 479 N.E.2d 508. Appellant concedes the existence of *Tobias* but argues that *Tobias* wrongfully relied on *Romack v. State* (1983), Ind.App., 446 N.E.2d 1346. We cannot agree with appellant.

The obvious intent of the legislature was to prohibit the sale of controlled substances and to increase the violation to a Class A felony if the amount of drugs sold exceeds three grams. It is common knowledge, which we must assume was known to the legislature, that drugs such as cocaine are not sold on the street in their pure form but are "cut" with inert substances to dilute them to a usable form which will not overdose the user. It is the sale of just such a prepared substance to which the legislature addressed itself. There is ample evidence in this record to support appellant's conviction.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.