## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 21 2015, 9:07 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Bruce W. Graham
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Matthew Flowers,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 21, 2015

Court of Appeals Case No.
79A05-1501-CR-20

Appeal from the Tippecanoe
Circuit Court

The Honorable Donald L. Daniel,
Senior Judge

Trial Court Cause No.
79C01-1408-F4-5

**Vaidik, Chief Judge.**

# Case Summary

Matthew Flowers burglarized a house and took various items including a television, several gaming systems, and a collection of foreign coins. The police found him walking around with the some of the items in his backpack and arrested him. Flowers was charged with burglary, residential entry, and theft. He chose to represent himself during the two-day jury trial and asserted an insanity defense. At the beginning of the second day of trial, Flowers, who was incarcerated at the time, requested a two-day continuance so that he could have more time to perform research in the jail law library. The State objected to the request due to the late stage of the trial and the fact that both psychiatrists were present to testify. Ultimately the trial court denied the request, finding that Flowers had had ample time to perform research. On appeal, Flowers contends that he is entitled to a new trial due to his insufficient access to legal materials and the trial court's denial of his request for a continuance. Because a defendant who waives his right to appointed counsel also waives his right to law-library access, we find that Flowers is not entitled to a new trial on these grounds. And because Flowers has not and could not possibly show how he was prejudiced by the trial court's denial of his request for a continuance, we find that the trial court did not abuse its discretion in denying his request. Therefore we affirm his convictions.

# Facts and Procedural History

[2] On the afternoon of August 1, 2014, Matthew Flowers went to the house of an acquaintance, Brittney Smith, offering to sell her a Playstation 4 and an Xbox One. Smith said she wanted to see if they worked before she bought them, and she started hooking up the Xbox One. In the meantime, Smith's husband noticed that his cell phone was missing. Smith accused Flowers of taking the cell phone, and Flowers "grabbed the equipment" and left. Tr. p. 37. But he accidentally left behind a few items, including a prescription-pill bottle with Marla Stroup's address on the label. Smith called the police to report the stolen cell phone, and when police came to her house, she gave them the address that was on the pill bottle. When police went to the address on the pill-bottle label, they discovered the burglary of Stroup's house.

[3] That morning, Stroup had activated her home-security system before leaving her house at 1413 Center Street in Lafayette. Later that afternoon, the police contacted Stroup about a possible burglary of her home. When Stroup arrived home, she saw that her back door had been kicked in. The alarm system had been disarmed. Numerous items were missing from her house, including a television, a Playstation 4, an Xbox One and an Xbox 360, and various games and other items that went along with those gaming systems. It was later discovered that a bottle of pills prescribed for one of her sons was missing, as well as a collection of foreign coins. Stroup provided the police with the name of a suspect: Matthew Flowers, who had recently stayed at her house for approximately one month and was the only person—aside from her two sons, aged twelve and seven—who knew her alarm-system security code.

[4] Officer James Quesenberry of the Lafayette Police Department then returned to Smith's house to get a statement from her. Smith's husband told Officer Quesenberry that Flowers had just walked past the house. After searching the area, Officer Quesenberry came across a man carrying a backpack; the officer pulled up alongside him and said "Matt" and Flowers acknowledged that that was his name. The officer got out of the car and told Flowers that Stroup had accused him of taking some things from her house. Flowers was cooperative, and he and Officer Quesenberry went to the police station. Once there, police officers went through the backpack and found several of the items that were missing from Stroup's house.

[5] Detective William Dempster of the Lafayette Police Department interviewed Flowers; the detective read Flowers his *Miranda* rights, and Flowers was arrested approximately one hour and forty-five minutes into the interview. Flowers then told Detective Dempster "how he did the burglary." Tr. p. 106; Ex. 19.

[6] The State charged Flowers with burglary as a Level 4 felony, residential entry as a level 6 felony, and theft as a Level 6 felony. Appellant's App. p. 18-20. At the initial hearing, Flowers informed the trial court that he would be representing himself. *Id*. at 11. The court appointed stand-by counsel. Several weeks later, Flowers—who was incarcerated—filed a motion entitled "Motion for Court to Order Habeas Corpus Hearing" regarding his access to the jail law library. *See id*. at 30. Flowers specifically told the trial court that although he was able to go to the jail law library twice a week, consistent with jail policy,

the computer was old and slow and he had had problems with the CD-ROM containing the Indiana Code. Following a hearing, the trial court issued a written order denying Flowers' request to "dismiss" the case and clarifying the following: Flowers wished to represent himself, but his stand-by counsel, who was playing a strictly advisory role, would provide legal materials upon request; further, the order found that Flowers had access to the jail law library and had not been denied access to the courts but requested that the Sheriff's Department examine the CD containing the Indiana Code to ensure that the contents were viewable and the computer was functioning properly. *See id*. at 42-43. Flowers then requested a speedy trial and filed a witness list, at the bottom of which Flowers indicated that he would be pleading not guilty by reason of insanity. The trial court ordered two psychiatric evaluations. *See id*. at 46.

[7] A jury trial was held on December 9 and 10, 2014. During the first day of trial, the jury was selected, the State presented its evidence, Flowers rested without presenting any evidence, and the parties offered final jury instructions to the court. At the beginning of the second day of trial, a Wednesday, Flowers asked for a continuance until Friday so that he could perform additional legal research. When asked by the trial court what he wanted to research, Flowers responded, "Everything. These jury instructions." Tr. p. 140. The State objected to the continuance based on the late stage of the trial and on the grounds that both psychiatrists were present to testify. The trial court nonetheless asked Flowers if one hour at the law library would satisfy his request. Flowers responded that "an hour is really not reasonable but I'm going

to take the hour if you give it to me." *Id*. at 143-44. The trial court took the motion under advisement and proceeded with the trial. After the psychiatrists testified regarding Flowers' insanity defense, Flowers stated that he was still interested in a continuance: "Because I wasn't able to . . . prepare for the doctors correctly so I am trying to come back on the closing statement at least so I can clarify something with that." *Id*. at 190. The trial court responded that the insanity issue had been known for some time and Flowers had access to the law library during that time, so his request for a continuance was denied.

[8] The jury found Flowers guilty as charged. Flowers now appeals his convictions.

# Discussion and Decision

[9] First, Flowers contends that he is entitled to a new trial based on insufficient access to the courts. The United States Supreme Court held in *Bounds v. Smith*, 430 U.S. 817, 828 (1977), that the fundamental constitutional right of access to courts requires prison authorities to assist inmates in preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law. *See also Engle v. State*, 467 N.E.2d 712, 715 (Ind. 1984). However, a defendant who proceeds pro se accepts the burdens and hazards incident to his position, *Boykin v. State*, 702 N.E.2d 1105, 1107 (Ind. Ct. App. 1998), and, as the Seventh Circuit has consistently held, "when a person is offered appointed counsel but chooses instead to represent himself, he does not have a right to access to a law library."

*United States v. Byrd*, 208 F.3d 592, 593 (7th Cir. 2000) (citing *United States v. Chapman*, 954 F.3d 1352 (7th Cir. 1992)); *see also Piper v. State*, 770 N.E.2d 880, 885 (Ind. Ct. App. 2002) ("We agree with the State that Piper waived the issue of access to legal materials because he waived his right to appointed counsel at the initial hearing . . . .").

[10] Here, the record clearly shows that after a full advisement of rights by the trial court, the court appointed stand-by counsel after Flowers insisted on representing himself. Furthermore, Flowers, even by his own admission, had access to the Indiana Code, and through his stand-by counsel access to other legal material. We find Flowers is not entitled to a new trial on these grounds.

[11] Next Flowers argues that the trial court abused its discretion in denying his motion for a two-day continuance on the morning of the second day of trial. Rulings on non-statutory motions for continuance lie within the discretion of the trial court and will be reversed only for an abuse of that discretion and resultant prejudice.[1] *Barber v. State*, 911 N.E.2d 641, 645-46 (Ind. Ct. App. 2009). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the Court. *Id.* at 646. Requests for continuances are not generally favored and will be granted only in the furtherance of justice on a showing of good cause; further, the appellant must make a specific showing that the additional time requested

---

[1] Flowers does not argue that he was entitled to a statutory continuance under Indiana Code section 35-36-7-1.

would have aided him in order to show an abuse of discretion on the part of the trial court. *Clark v. State*, 539 N.E.2d 9, 11 (Ind. 1989).

[12] In this case, Flowers' request came on the morning of the second day of trial after the parties had presented their cases. The State objected to the request due to the late stage of the trial and on the ground that both psychiatrists were already present to testify. The trial court seriously considered Flowers' continuance request and asked him what he wanted to research. Flowers responded: "Everything. These jury instructions." Tr. p. 140. The trial court then asked Flowers if one hour at the law library would satisfy his request. Flowers responded that "an hour is really not reasonable but I'm going to take the hour if you give it to me." *Id*. at 143-44. The trial court took the motion under advisement and proceeded with the trial. After the psychiatrists testified regarding Flowers' insanity defense, Flowers stated that he was still interested in a continuance: "Because I wasn't able to . . . prepare for the doctors correctly so I am trying to come back on the closing statement at least so I can clarify something with that." *Id*. at 190. The trial court responded that the insanity issue had been known for some time and Flowers had access to the law library during that time, so his request for a continuance was denied.

[13] On appeal Flowers has not and cannot make a specific showing that the additional time requested would have aided him. *See Clark*, 539 N.E.2d at 11. Indeed, in light of the overwhelming evidence of Flowers' guilt—including his own admission that he committed the crimes—and the complete lack of any evidence whatsoever to support an insanity defense, it is inconceivable that any

further research could have made a difference in Flowers' case. Flowers has not shown how he was prejudiced by the trial court's denial of his request for a continuance, and we find no abuse of discretion.

[14]    Affirmed.


Robb, J., and Pyle, J., concur.