STATE of Missouri, Plaintiff-Respondent,

v.

Donald WEIMER, Defendant-Appellant.

No. 44699.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 13, 1983.

Richard H. Sindel, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Priscilla Gunn, Asst. Attys. Gen., Jefferson City, George R. Westfall, Pros. Atty., Clayton, for plaintiff-respondent.

SIMON, Presiding Judge.

Defendant, Donald Weimer, was convicted by a jury of sale of a Controlled Substance, Schedule II (hydromorphone) and sentenced by the court as a previous offender under § 195.200.1(5) RSMo 1978.[1] On appeal, defendant alleges three errors: (1) that the trial court erred in granting a motion in limine which prohibited any mention of punishment during voir dire; (2) that the court erred in refusing defendant's jury instruction Number A which directed the jury after a determination of guilt to determine the sentence; and (3) that the court should have compelled the state to reveal the name of a confidential informant. We affirm.

As points of error one and three deal with procedural issues which occurred prior to trial and point two concerns a jury instruction, the facts of the drug offense are only briefly mentioned. On September 25, 1980, defendant sold hydromorphone, a controlled substance, to an undercover policeman. Defendant maintained at trial that he was not guilty and presented an alibi defense.

---

1. The indictment charged Weimer as a persistent offender under § 558.016 and as a habitual drug offender under § 195.200.1(5) but the judgment and sentence referred only to § 195.200.1(5).

The jury was not convinced and found him guilty of sale of a controlled substance, a felony.

Prior to trial and without a hearing the court ruled that if convicted the defendant would be sentenced under the provisions of Chapter 195 which permits the court to sentence offenders who have previously been convicted of controlled substance felonies. The prior felonies were proved at the instruction conference after the close of all the evidence and before the jury verdict.[2]

Two pretrial motions are objected to on appeal. First, the trial court, over defendant's objection, granted the prosecuting attorney's motion in limine to prohibit any discussion of range of punishment before the jury in voir dire or in the course of the trial. As a result the venire panel was not questioned as to their views on the range of punishment for drug offenses.

Second, three months prior to trial a circuit judge overruled defendant's motion to compel disclosure of the identity of a confidential informant because the informant was not present at the time of the sale.

■ We find that there was no error in refusing to qualify the jury on the range of punishment. The trial court exercises considerable discretion in the supervision of voir dire, *State v. Lumsden,* 589 S.W.2d 226, 229 (Mo. banc 1979), *cert. denied,* 446 U.S. 984, 100 S.Ct. 2967, 64 L.Ed.2d 841 (1980), and the exercise of discretion will not be disturbed on appeal unless the record shows a manifest abuse of discretion. *State v. Mudgett,* 531 S.W.2d 275, 279 (Mo. banc 1975); *cert. denied,* 426 U.S. 910, 96 S.Ct. 2234, 48 L.Ed.2d 835.

■ There is no constitutional right to have the jury determine punishment. *State v. Garrett,* 595 S.W.2d 422, 434 (Mo.App. 1980); *Turnbough v. Wyrick,* 551 F.2d 202 (8th Cir.), *cert. denied,* 431 U.S. 941, 97 S.Ct. 2658, 53 L.Ed.2d 260 (1977). At the time of the trial the state drug regulations provided that the court shall fix punishment for repeat controlled substance offenders. Section 195.200.2 RSMo 1978. The jury's sole function is to determine guilt or innocence. Prospective jurors' views on punishment are important only to indicate their willingness to execute the laws of the state. *State v. Phelps,* 478 S.W.2d 304, 309 (Mo.1972). During voir dire both attorneys and the judge questioned the venire panel as to their ability to follow the court's instructions. The individuals who indicated they could not follow court instructions were excused for cause. Failure to question the venire panel as to punishment did not prejudice the defendant nor did it prevent the impaneling of a fair and impartial jury.

■ The court submitted state's instruction Number Five instead of defendant's instruction A to the jury. Instruction Number Five did not direct the jury to fix punishment. This was not prejudicial error. As discussed above, a defendant does not have a constitutional right to have the jury assess punishment. If, as a matter of statute, the jury does not assess punishment it is not necessary for them to be instructed on the range of punishment. *State v. Gray,* 423 S.W.2d 776, 784 (Mo.1968).

■ Defendant's argument that even though the jury would not assess punishment, it was error not to instruct them as to the range of punishment implies that juries consider punishment in ascertaining guilt. Such an implication is mere speculation. *State v. Hunter,* 586 S.W.2d 345, 348 (Mo. banc 1979). The jury is bound to follow the court's instruction and determine guilt or innocence. The issue of punishment is not an integral part of that determination. *State v. Hunter,* 586 S.W.2d at 348. Pursuant to § 558.016 RSMo 1978 a finding that the defendant is a persistent offender permits the court to enhance the jury's recommended term of imprisonment. Here, the court is obligated to fix the term of imprisonment. Section 195.200.2 RSMo 1978.[3]

---

**2.** The state proved eight prior convictions, two of which were controlled substance felonies. Section 195.200.1(5) only requires proof of one prior felony involving controlled substances.

**3.** This section has been renumbered as 195.200.6 RSMo Supp.1982.

Therefore, in situations where the jury does not have the duty to assess punishment, it is not necessary to instruct on the range of punishment.

■ The trial court erred in the manner in which it determined that the defendant was a prior offender but the error is not prejudicial. Section 195.200.3 RSMo 1978 [4] provides that prior convictions under the drug regulations shall be pleaded, heard and determined in the same manner as all other cases.[5] Section 558.021 RSMo 1978 sets forth the general procedure to sentence for extended terms based on prior offenses. The information or indictment must plead all the essential facts warranting an imposition of an extended term. This provision was followed. Section 558.021 also required that *after* a finding of guilt a sentencing hearing be held to establish the basis for the extended term. In the case at bar the proof of the prior offenses was held simultaneously with the jury instruction conference and thus prior to the finding of guilt. Failure to follow the statute is error and its prejudicial affect is to be judicially determined. In *State v. Maxwell,* 411 S.W.2d 237, 239 (Mo.1967), our Supreme Court held that permitting the trial judge to hear the evidence of prior convictions outside the presence of the jury, and to make findings therein prior to the submission of the issue of guilt or innocence to the jury was constitutional. Although *Maxwell* upheld a now repealed statute, the fact that the procedures used there, which were the same as the procedure used in the present case, were held to be constitutional indicates the error was not prejudicial. In addition, the current code, § 558.021.3, which was amended in 1981 subsequent to the trial, provides for

the procedure that was used at trial. The trial court's procedure was erroneous, but not prejudicial.

■ Defendant's third point on appeal, the disclosure of the identity of the confidential informant, was raised in appellant's brief but was not alleged in the motion for new trial. As a result the point is not preserved for review. *State v. Wright,* 515 S.W.2d 421, 432 (Mo. banc 1974); *State v. Davis,* 639 S.W.2d 866, 868 (Mo.App.1982). This court can, however, examine the point under the plain error rule if there would be a miscarriage of justice to disregard the issue. *State v. Davis,* 566 S.W.2d 437, 447 (Mo. banc 1978).

■ Disclosure of the identity of an informant is required only when essential to a fair determination of the facts and issues in the case. *State v. Wandix,* 590 S.W.2d 82, 86 (Mo. banc 1979), *cert. denied,* 445 U.S. 972, 100 S.Ct. 1665, 64 L.Ed.2d 248 (1980). There are no set rules on disclosure; the decision is left to the discretion of the trial judge who must balance the public interest in protecting the flow of information and the defendant's right to prepare a defense. *Roviaro v. United States,* 353 U.S. 53, 62, 77 S.Ct. 623, 628, 1 L.Ed.2d 639 (1957); *State v. Taylor,* 508 S.W.2d 506, 512 (Mo.App. 1974); *State v. Yates,* 442 S.W.2d 21, 25 (Mo.1969).

■ In the case at bar, the testimony of the informant was not necessary for a determination of defendant's guilt or innocence. The informant was not a witness to or participant in the sale. His exact role is unclear as the record reveals little concern-

---

4. This section has been renumbered as 195.-200.7 RSMo Supp.1982.

5. In 1971 § 195.200 was amended and § 195.-200.3 was added to the statute. Section 195.-200.3 provided that prior convictions under this chapter shall be pleaded, heard and determined in the same manner as all other cases. In 1971 the manner of determining prior convictions in other cases was set forth in § 556.280.3 which provided that the prior offenses be proved to the judge before the submission of the case to the jury. In 1979 the revised criminal code

came into effect. Section 558.021 set forth the procedure dealing with prior offenders requiring that priors be proved at the sentencing hearing after a finding of guilt. This was the procedure that was in effect at the time of trial of the case at bar. This procedure was not followed. Instead the court heard proof of priors before submission of the case to the jury. In 1981, after the trial, § 558.021 was amended to permit proof of priors before submission to the jury. § 558.021.2 RSMo Supp.1982.

ing him.[6] At most, the informant may have arranged for the defendant to meet the undercover policeman. Since the informant had a passive role, fundamental fairness does not require disclosure of his identity. *State v. Yates, supra. See Gilmore v. U.S.,* 256 F.2d 565 (5th Cir.1958). Defendant's third point is without merit.

Judgment affirmed.

STEPHAN and SATZ, JJ., concur.

---

**6.** A transcript concerning the pretrial hearing for disclosure, if any exists, is not part of the record before us.