STATE of Missouri, Plaintiff-Respondent,

v.

Donald Eugene PITTMAN, Defendant-Appellant.

No. 12897.

Missouri Court of Appeals, Southern District, Division One.

March 5, 1984.

Motion for Rehearing or to Transfer Denied March 27, 1984.

Application to Transfer Denied May 15, 1984.

Ty Gaither, Gaither & Nolan, Springfield, for defendant-appellant.

John Ashcroft, Atty. Gen., John M. Morris, Kristie Green, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

1. All references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

2.  "Instruction No. A

"You are further instructed that if the jury finds the defendant guilty of sale of percodan, a Schedule II controlled substance, the court, and

FLANIGAN, Presiding Judge.

Defendant was charged with the sale of percodan, a Schedule II controlled substance, in violation of § 195.020,[1] and was prosecuted as having been previously convicted of a felony violation of the laws of this state relating to controlled substances. § 195.200.1(5). Defendant pleaded "not guilty by reason of mental disease or defect excluding responsibility." The jury found defendant guilty and he was sentenced, by the trial court, to a term of 15 years. Defendant appeals.

Defendant's first point is that the trial court erred in refusing to give Instruction A,[2] tendered by defendant. The trial took place in July 1982. Instruction A was MAI–CR2d 2.64. On December 15, 1982, the supreme court approved the withdrawal of MAI–CR2d 2.64 "effective June 1, 1983." See Journal of Missouri Bar, Jan.-Feb. 1983, pp. 86–87.

Prior to the trial the defendant filed a "request to withdraw punishment from the jury," § 557.036.2(1), and the court, at the hearing on the motion, sustained the request and ordered that "the issue of punishment shall not be submitted to the jury."

Before the case was submitted to the jury the court held a hearing outside the jury's presence and found that the prior felony conviction, pleaded by the information, was established by the state's evidence and that § 195.200.1(5) was "brought into play." Under the latter statute conviction of the instant offense was punishable by imprisonment for a term of not less than 10 years nor more than life imprisonment. Under § 195.200.2,[3] "If any person is to be punished under the provisions of [§ 195.200.1(5)], the duty develops (sic) upon the court to assess the term of punishment. . . ."

not the jury, will assess the punishment within the following range: imprisonment in a state correctional institution for a term of not less than ten years nor more than life imprisonment."

3. Sec. 195.200.1.2 has been renumbered and is now § 195.200.6 RSMo Supp.1982.

In denying defendant's request to give Instruction A, the court stated: "Were it not for the findings later made by the court with respect to [the prior conviction], the court would give Instruction A. The court believes, however, that it would not be appropriate to give Instruction A because the court's assessment of the punishment now is going to be done pursuant to § 195.200.1(5). It is no longer the option of the defendant to withdraw the matter of punishment from the jury. The matter of punishment is required to be withdrawn from the jury by reason of the court's findings with respect to the prior conviction .... It is the court's interpretation of § 557.036, paragraph 2,[4] that the jury is not to be instructed as to the range of punishment nor is the jury to be told that it should assess and declare the punishment as a part of its verdict if the prior persistent or dangerous offender procedure is applied."

At the time of the trial MAI–CR2d 2.64 was still in the 2.00 series. It was necessary for the trial court to give MAI–CR2d 2.64, whether requested or not, if it was "applicable under the law to the facts" or if it was an instruction upon a question of law "necessary for its guidance in returning a verdict...." Rule 28.02(a).

The error claimed here is one of nondirection rather than misdirection. It is significant to point out that if this court found merit in defendant's first point, and found the error to be prejudicial and remanded the case for a new trial, the second jury, like the first one, would not be instructed in the manner suggested by defendant because, as previously stated, MAI–CR2d 2.64, on which the tendered instruction was based, has been withdrawn. The second jury would have no more information than the first jury.

Note 3 of the "Notes on Use" under MAI–CR2d 2.64 reads: "3. This instruction must be given only in jury cases other than homicide where the defendant has requested in writing that the court assess the punishment in case of a finding of guilt...." It is at least arguable that Note 3 fell short of constituting a command that the instruction be given in this case, where the defendant made such a request. The note is at least subject to the construction that the instruction was permitted only in non-homicide jury cases where the defendant has made such a request.

A somewhat analogous situation arose in *State v. Weimer*, 658 S.W.2d 77 (Mo.App. 1983). There, as here, the defendant was convicted by a jury of the sale of a Schedule II controlled substance and was sentenced by the court as a previous offender under § 195.200.1(5). One of defendant's contentions, rejected by the court, was that the trial court erred in refusing to give an instruction offered by the defendant which directed the jury, after a determination of guilt, to determine the sentence. The trial court ruled that if convicted the defendant would be sentenced as a previous offender under § 195.200.1(5).

In *Weimer* the court submitted state's Instruction 5 to the jury instead of the instruction offered by the defendant. At pp. 79–80 the court said:

"Instruction Number Five did not direct the jury to fix punishment. This was not prejudicial error. As discussed above, a defendant does not have a constitutional right to have the jury assess punishment. If, as a matter of statute, the jury does not assess punishment it is not necessary for

---

**4.** Sec. 557.036 reads, in pertinent part:

"2. The court shall instruct the jury as to the range of punishment authorized by statute and upon a finding of guilt to assess and declare the punishment as a part of their verdict, unless

"(1) The defendant requests in writing, prior to voir dire, that the court assess the punishment in case of a finding of guilt, or

"(2) The state pleads and proves the defendant is a prior offender, persistent offender, or

dangerous offender, as defined in section 558.016, RSMo."

In February, 1984, in *State v. LaPlant* (No. 46490, Missouri Court of Appeals, Eastern District) the appeal was transferred to the Missouri Supreme Court to "reexamine the law regarding the apparent conflict between § 195.200 and Chapter 558." This court has determined that resolution of this appeal need not await that ruling.

them to be instructed on the range of punishment. *State v. Gray,* 423 S.W.2d 776, 784 (Mo.1968).

"Defendant's argument that even though the jury would not assess punishment, it was error not to instruct them as to the range of punishment implies that juries consider punishment in ascertaining guilt. Such an implication is mere speculation. *State v. Hunter,* 586 S.W.2d 345, 348 (Mo. banc 1979). The jury is bound to follow the court's instruction and determine guilt or innocence. The issue of punishment is not an integral part of that determination. *State v. Hunter,* 586 S.W.2d at 348. Pursuant to § 558.016 RSMo 1978 a finding that the defendant is a persistent offender permits the court to enhance the jury's recommended term of imprisonment. Here, the court is obligated to fix the term of imprisonment. Section 195.200.2 RSMo 1978. Therefore, in situations where the jury does not have the duty to assess punishment, it is not necessary to instruct on the range of punishment."

█ It is unnecessary to determine whether the trial court erred in failing to give Instruction A. It is at least arguable that it was not "applicable under the law to the facts" and that it was not an instruction upon a question of law "necessary for the [jury's] guidance in returning a verdict." Rule 28.02(a). It is sufficient to hold, as this court does, that the error, if any, had no prejudicial effect. Rule 28.-02(e). Defendant's first point has no merit.

█ Defendant's second point is that the trial court erred in denying defendant's motion that defense counsel be given the opportunity to make the opening and closing final arguments. Defendant argues that he "had the burden of proof on his insanity defense" and that "fundamental fairness should require the party with the greatest burden to be given the advantage inherent in being the first and last to speak."

A similar contention was made and rejected in *State v. Collier,* 624 S.W.2d 30, 35[13] (Mo.App.1981). There the court pointed out that MAI–CR2d 2.68, which must be given in every case, sets out the order of argument and requires the state's attorney to open the argument and permits the state's attorney to reply to the argument of defense counsel. The same order of argument is set forth in Rule 27.02(*l*) and § 546.070(5). Defendant's second point has no merit.

Defendant's third point is that the trial court erred in excluding, over the objection of the state, three written medical reports of George S. Parlato, M.D., respectively dated July 16, 1973, March 8, 1974, and January 14, 1975, offered into evidence by defendant. Dr. Parlato was no longer "in the area" at the time of the trial and did not testify.

The transcript contains no showing of the offer, the objection, or the ruling. The parties have filed in this court a stipulation which, charitably construed, may be an agreement that the reports were offered into evidence and objected to on the ground of hearsay, and that the objection was sustained. Defendant's motion for new trial did mention the claimed error. This court will rule the contention as if it were properly preserved.

The date of the offense, the sale of percodan, was April 6, 1981. Instruction 6, the verdict-directing instruction which submitted the pleaded defense, required a finding that on the date of the offense the defendant had a mental disease or defect and as a result he did not know or appreciate the nature of his conduct or was incapable of conforming his conduct to the requirements of the law.

Dr. Snow, a psychiatrist, testified as a defense witness that she examined the defendant on January 20, 1981,[5] and again on June 10, 1982. Her diagnosis was "schizophrenia, residual type." It was her opinion that on April 6, 1981, the defendant was

---

**5.** The examination, antedating the instant offense, was prompted by other legal problems of defendant.

suffering from a mental disease. Dr. Snow said that she relied on the Parlato reports "simply as a part of the history that was received from the patient—that's the part that confirms what the defendant was telling me."

Dr. Francis Jones, a defense witness, testified that in May 1981 he was provided by Dr. Snow with "copies of testing materials, copies of the reports of Dr. Parlato with the patient over the years, and a copy of the report of Dr. Snow." Dr. Jones testified that assuming the defendant received no treatment between the time of the "test I have already told about" and the date of the offense, it was his opinion that "the chances are approximately 6 out of 10 that [defendant] still had the illness—a 'schizophrenic process'—at the time of the offense."

Two psychologists and a psychiatrist testified for the state that in their opinion the defendant did not have a mental disease of the type defined in Instruction 6 but that he did have a personality disorder of the antisocial type.

This court has examined the three reports of Dr. Parlato. Defendant concedes, at least tacitly, that the reports were hearsay, but argues that the "repeated reference" by the prosecuting attorney to the Parlato reports during the cross-examination of the defense experts constituted a waiver of the hearsay objection and that the jury should have been permitted to read the entire reports. In the 1973 report Dr. Parlato said that in his opinion the defendant was suffering from a mental disorder "that keeps him from being responsible for his actions at the time of the alleged offenses." In the 1974 report Dr. Parlato stated that the "defendant is no longer suffering from a mental disorder that would require psychiatric hospitalization." In the 1975 report, based upon an examination of the defendant in December 1974, Dr. Parlato's diagnosis was "drug dependence."

Defendant's brief does not specify any portion of the three reports which he claims to have been supportive of his defense. This court has read the portions of the transcript containing references to the Parlato reports. Dr. Parlato last saw the defendant more than six years prior to the date of the offense and it was defendant's mental state at the latter time which was significant. Whether or not a hearsay objection had been waived by the state, the staleness of the reports served to attenuate if not eliminate their probative value.

 The trial court has broad discretion in regard to matters of relevancy and materiality and its decision should be overturned only if it is abused. *State v. Blair,* 638 S.W.2d 739 (Mo. banc 1982). This court holds that the trial court did not abuse its discretion in excluding the reports and that no prejudicial error resulted from that ruling. Defendant's third point has no merit.

The judgment is affirmed.

GREENE, C.J., and TITUS, J., concur.

CROW, J., disqualified.