**STATE of Iowa, Appellee,**

v.

**Daniel Clyde BRITTON, Appellant.**

No. 90–458.

Supreme Court of Iowa.

April 17, 1991.

Linda Del Gallo, State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Sarah J. Coats, Asst. Atty. Gen., and Thomas J. Ferguson, County Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, SNELL, and ANDREASEN, JJ.

HARRIS, Justice.

The sole contested issue in this criminal trial concerned the accused's affirmative defense of insanity. The sole question on appeal is whether defendant should have been allowed to open and close the jury arguments. The trial court rejected defendant's request to open and close and allowed the State to do so. We affirm.

The facts giving rise to the charge need not be recited because they have no bearing on the assignment of error. Defendant and the State entered into a stipulation which stated the State had proven the offense (second-degree sexual abuse) beyond a reasonable doubt. Defendant points out that he bore the burden to prove his insanity defense by a preponderance of the evidence. Iowa Code § 701.4 (1991). We upheld the constitutionality of section 701.4 in *State v. James*, 393 N.W.2d 465, 467–68 (Iowa 1986). Defendant contends the order of argument should follow the burden of proof, with the bearer of the burden opening and closing.

The contention runs afoul Iowa Rule of Criminal Procedure 18(1)(b) which states:

> B. *Order of Argument.* When the evidence is concluded, unless the case is submitted to the jury on both sides without argument, the prosecuting attorney *must* commence, the defendant follow by one or two counsel ... and the prosecuting attorney conclude, confining himself or herself to a response to the arguments of the defendant's counsel.

(Emphasis added.) The word "must" in the rule deprives the trial court of discretion in the matter. *See State v. Nowlin*, 244 N.W.2d 596, 599 (Iowa 1976) (statutory manner in which trial "must proceed" is mandatory).

The challenged trial court ruling also finds some support in our early case of *State v. Felter*, 32 Iowa 49, 51–52 (1871). We rejected Felter's contention that, in view of his insanity defense, he should be allowed to open and close arguments. *Felter* can be distinguished from the present case in that Felter made no stipulation regarding commission of his offense (second-degree murder). The case is nevertheless consistent with the trial court holding.

Some states have subscribed to Britton's contention. *Boston v. State*, 185 Ga.App. 740, 742, 365 S.E.2d 885, 887 (1988); *McCloud v. State*, 317 Md. 360, 366–68, 564 A.2d 72, 75 (1989). A majority of jurisdictions however rejected it. *United States v. Byrd*, 834 F.2d 145, 147 (8th Cir.1987); *People v. Odle*, 128 Ill.2d 111, 132–34, 131 Ill.Dec. 53, 62, 538 N.E.2d 428, 437 (1988), *cert. denied*, —— U.S. ——, 110 S.Ct. 3289, 111 L.Ed.2d 798 (1990); *Green v. State*, 469 N.E.2d 1169, 1173 (Ind.1984); *State v. Pittman*, 668 S.W.2d 144, 147 (Mo.App.1984); *State v. Hankins*, 232 Neb. 608, 635–37, 441 N.W.2d 854, 875 (1989); *State v. Sundstrom*, 131 N.H. 203, 208, 552 A.2d 81, 85 (1988); *State v. Battle*, 322 N.C. 69, 74–76, 366 S.E.2d 454, 458, *cert. denied*, 487 U.S. 1220, 108 S.Ct. 2876, 101 L.Ed.2d 911 (1988).

Iowa Rule of Criminal Procedure 18(1)(b) obliges us to subscribe to the majority rule.

AFFIRMED.