STATE of Missouri, Respondent,

v.

Arthur R. TOLER, Appellant.

Arthur TOLER, Movant/Appellant,

v.

STATE of Missouri, Respondent.

Nos. 57586, 59603.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 28, 1992.

State how to lay a foundation for business records.

## Background

An undercover detective for the City of Overland's undercover narcotics group received a tip from an informant about a stolen white Toyota which was for sale. The detective and the informant went to a parking lot to try and purchase the car. Shortly thereafter, defendant drove a white Toyota into the parking lot. A woman was also in the car. Defendant got out; he and the detective negotiated a price for the car. The detective sent the informant away, supposedly to get the money. He then signaled for other officers to move in and defendant was arrested.

## Confidential Informant

In his first point, defendant contends that the trial court erred in denying his motion for disclosure of the identity of the confidential informant.

Whether disclosure must be made depends "on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro v. United States,* 353 U.S. 53, 62, 77 S.Ct. 623, 629, 1 L.Ed.2d 639, 646 (1957).

Some additional background is necessary. The docket sheets in the legal file disclose defendant was first tried on these charges in December, 1988. The jury was unable to reach a verdict and a mistrial was declared.

In March, 1989, defendant first filed a motion for disclosure of confidential informant. Defendant did not provide us with a copy of that motion. Apparently, no action was taken on that motion before defendant was retried in March, 1989. Once again, the jury was unable to reach a verdict and a mistrial was declared.

Following that mistrial, the motion was heard and overruled. Defendant did not provide us with a transcript of those proceedings.

Rosalynn Koch, Columbia, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

GRIMM, Presiding Judge.

Defendant Arthur Toler was convicted of receiving stolen property and tampering in the first degree in connection with his possession of a vehicle belonging to Avis Rent–A–Car. His direct appeal is consolidated with his appeal from the denial of his 29.15 motion. We affirm.

On appeal, defendant alleges the trial court erred in (1) denying his motion for disclosure of the State's confidential informant's identity, (2) excluding the testimony of a defense witness, (3) allowing the prosecutor to state in closing argument that defendant's testimony was uncorroborated when it would have been corroborated absent exclusion of defendant's witness, (4) disallowing defendant's counsel to ask jurors during voir dire whether they could believe a person in defendant's position could work for the FBI, and (5) telling the

In October, 1989, defendant filed the present motion seeking the informant's name and address. This motion alleges the informant "arranged, assisted in negotiating, and was present during the transaction." Further, it alleges that due to the passage of time, defendant's memory of his activities and whereabouts was unclear. Finally, the motion alleges defendant needed the name and address to establish a "possible defense of mistaken identity, and that defendant was not an active participant."

■ The trial court overruled the motion. Because defendant has the burden of demonstrating error, he has the obligation to prepare and file the record on appeal. *State v. Cleveland,* 627 S.W.2d 600, 601 (Mo.Div. 2 1982). Defendant did not furnish us with a transcript of the proceedings leading up to the denial of the motion. It is therefore questionable whether this alleged error is properly before us.

*Roviaro* declares that decisions on disclosure should be fact specific; no fixed rule on disclosure is justifiable. *Roviaro,* 353 U.S. at 62, 77 S.Ct. at 629. Whether disclosure is "essential to assure a fair determination of the issue in any given criminal case is for the trial court in the first instance." *State v. Edwards,* 317 S.W.2d 441, 447 (Mo. banc 1958). It is "a matter addressed to the sound discretion of the trial court." *State v. Hanson,* 587 S.W.2d 895, 903 (Mo.App.S.D.1979).

■ We recognize that when, as here, an informant is an active participant, there is a greater likelihood that fundamental fairness will require disclosure of identity as distinguished from when those informants merely provide information. *State v. Simpson,* 611 S.W.2d 556, 559 (Mo.App. E.D.1981); *see* Annot., Accused's Right to, and Prosecution's Privilege Against, Disclosure of Identity of Informer, 76 A.L.R.2d 262, 287–290 (1961). However, although participation is a *major* factor for the trial court to consider, participation alone does not always mandate disclosure. *State v. Taylor,* 508 S.W.2d 506, 512 (Mo. App.E.D.1974); *State v. Sproul,* 786 S.W.2d 169, 171 (Mo.App.W.D.1990).

· Here, defendant has only furnished us with the bare motion and the transcript of trial testimony. Most important, we do not have a transcript of the testimony and arguments presented to either this trial court or the previous trial court when those courts were called upon to rule the motion. Without such record, we are unable to say those courts erred and abused their discretion in denying the motion. Point denied.

## Exclusion of Testimony

■ In his second point, defendant claims the trial court erred in sustaining the State's motion in limine to exclude the testimony of a previous public defender for defendant.

Defendant made an offer of proof, consisting of a transcript of the proposed testimony. The gist of the offer was that the public defender would say he had spoken to the FBI; that the charges against defendant in the city were dropped; and the prosecuting attorney was asked that the charges be dropped so defendant could work with the FBI. The court sustained the motion, stating it would not "permit the hearsay evidence to come in."

The public defender's testimony is hearsay. "Hearsay evidence is in-court testimony of an extrajudicial statement offered to prove the truth of the matters asserted therein, resting for its value upon the credibility of the out-of-court declarant." *State v. Walker,* 755 S.W.2d 404, 406 (Mo.App. E.D.1988).

Defendant contends the public defender's testimony is not hearsay in its entirety. He asserts the public defender was "personally aware that [defendant] received a dismissal of a case pending against him in Jackson County on the basis of a letter from the FBI." Also, the public defender "personally observed the transaction in which [defendant] agreed to work for the FBI in exchange for dismissal of the Jackson County charges pending against him."

We reject this argument. The public defender's "knowledge" that defendant's charges were dismissed is based on the FBI's letter. Further, his personal obser-

vation of the transaction between defendant and the FBI was merely an observation of the statements exchanged between them.

"It is hornbook law that a witness may not testify to facts if those facts are based on hearsay." *State v. Valentine*, 587 S.W.2d 859, 861 (Mo. banc 1979). The testimony was properly excluded. Point denied.

### Closing Argument

In his third point, defendant asserts the trial court erred in allowing the State, over his counsel's objection, to comment in closing argument that defendant's testimony was uncorroborated. He contends that it would have been corroborated if the public defender's testimony had not been excluded. The public defender's testimony was properly excluded. Without the public defender's testimony, defendant's testimony was, in fact, uncorroborated. The argument was not improper. Point denied.

### Voir Dire

 In his fourth point, defendant alleges the trial court erred in sustaining the State's objection to this voir dire question, "do you think it is possible that the FBI could hire someone or use someone ...?"

On appeal, defendant contends his question was designed to determine whether any of the prospective jurors had a preconceived notion that the FBI did not hire people with a criminal background. However, this is not apparent from the question which was asked. Nor did defense counsel approach the bench and explain to the trial court what he was attempting to elicit. Further, we note in sustaining the objection, the trial judge said "I will sustain the objection to this *particular* question." (emphasis added). Defendant did not attempt to ask any other questions concerning this subject.

"The trial court exercises considerable discretion in the supervision of voir dire." *State v. Weimer*, 658 S.W.2d 77, 79 (Mo. App.E.D.1983). The "exercise of discretion will not be disturbed on appeal unless the record shows a manifest abuse of discre-

tion," *id.*, "and a real probability of injury to the complaining party." *State v. Smith*, 649 S.W.2d 417, 428 (Mo. banc 1983). We find no abuse of discretion. Point denied.

### Foundation

In his fifth point, defendant alleges the trial court erred by assisting the State in laying a foundation for Avis Rent–A–Car business records. However, nothing in the record reveals the trial court assisted the State in laying a foundation. Point denied.

Defendant's direct appeal was consolidated with his Rule 29.15 appeal. Defendant's brief, however, does not raise any points concerning the Rule 29.15 order. As a result, we have nothing to review.

The judgment of the trial court and the order of the motion court are affirmed.

SATZ and CRANDALL, JJ., concur.