STATE of Iowa, Plaintiff–Appellee,

v.

Gerald A. RIEFLIN, Jr., Defendant–Appellant.

No. 97–1134.

Court of Appeals of Iowa.

Nov. 30, 1998.

See also, 558 N.W.2d 149.

Alfredo Parrish of Parrish, Kruidenier, Moss, Dunn & Montgomery, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, and Denver D. Dillard, County Attorney, for appellee.

Heard by STREIT, P.J., and MAHAN and HABHAB,* JJ.

MAHAN, J.

Gerald A. Rieflin, Jr., appeals from his conviction for two counts of first-degree murder and two counts of assault with intent to inflict serious injury. Rieflin argues he was denied due process when he was tried and sentenced without a further determination of his competency. He also claims the district court erred in denying him a rebuttal closing argument. We affirm.

Rieflin was charged by trial information on March 10, 1995, with two counts of first-degree murder and two counts of attempted murder after he shot and killed two of his coworkers and wounded two others at the Ralston Foods cereal plant on January 27, 1995. In April 1995, Rieflin was examined by psychologist Dan Rogers, who concluded Rieflin suffered from paranoid schizophrenia and was incapable of assisting in his own defense. Two separate competency hearings and an additional hearing on a motion to reconsider were held over the next year.[1]

The district court[2] found after each of the hearings Rieflin was competent to stand trial. Rieflin then sought and was granted discretionary review. The Iowa Supreme Court filed a ruling on December 18, 1996, wherein the district court was affirmed on the competency issue as well as an evidentiary issue concerning the admission of certain evidence at the competency hearings which Rieflin claimed violated his physician-patient privilege.[3] *State v. Rieflin,* 558 N.W.2d 149 (Iowa 1996).

On January 13, 1997, Rieflin requested the district court once again determine his competency when he filed an application for another psychological evaluation. A hearing on the application was held on February 20, 1997, and the district court rejected his request. Trial commenced on May 12, 1997, and a verdict was reached on May 29, 1997. Rieflin filed a Motion for Hearing to Determine Defendant's Competency and Objection

---

* Senior judge assigned by order pursuant to Iowa Code § 602.9206 (1997).

1. The first competency hearing was held on December 12, 1995. A second hearing was conducted on April 12, 1996. A hearing on Rieflin's motion to reconsider occurred on April 26, 1996.

2. Hon. William Thomas presided over these three hearings, all subsequent hearings, and the criminal trial.

3. These issues are not part of the present appeal.

to Sentencing on June 4, 1997. The district court summarily denied this motion and entered its judgment and sentencing on the same date. Rieflin filed his notice of appeal on June 23, 1997.

**I. STANDARD OF REVIEW.** A competency determination made by the district court is reviewed for errors of law. *Rieflin*, 558 N.W.2d at 151–52; *State v. Jackson*, 305 N.W.2d 420, 425 (Iowa 1981); *State v. Rhode*, 503 N.W.2d 27, 34 (Iowa App.1993). Therefore, the normal inquiry is limited to whether the record supports the competency finding. However, when the appeal involves the propriety of the district court's determination that no additional hearing was necessary, the proper standard of review is de novo. *Rieflin*, 558 N.W.2d at 151–52; *State v. Mann*, 512 N.W.2d 528, 531 (Iowa 1994); *State v. Aswegan*, 331 N.W.2d 93, 95 (Iowa 1983). We will review this appeal de novo.

**II. DENIAL OF DUE PROCESS.** Competency to stand trial is governed by Iowa Code section 812.3, which provides:

> If at any stage of a criminal proceeding it reasonably appears that the defendant is suffering from a mental disorder which prevents the defendant from appreciating the charge, understanding the proceedings, or assisting effectively in the defense, further proceedings must be suspended and a hearing had upon that question.

Iowa Code § 812.3.

The events which occurred between the March 10, 1995 filing of the trial information and the filing of the Supreme Court decision on December 18, 1996, are thoroughly set out in that case and need not be revisited here.[4] In that decision, the Supreme Court held as follows:

> To conclude, the district court did not err in finding Rieflin competent to stand trial. Two competency hearings were held, and each time Rieflin was found to be competent. At the hearings, the district court judge relied on the reports and the testimony of several individuals in concluding that Rieflin could appreciate the

charges, understand the proceedings, and assist effectively in his defense.

*Rieflin*, 558 N.W.2d at 153.

Procedendo issued on January 8, 1997. On the same date, the Supreme Court denied Rieflin's motion to stay further proceedings. Trial was scheduled by the district court judge for May 12, 1997.

On January 13, 1997, Rieflin filed an application seeking an additional evaluation by William S. Logan, M.D.[5] Defense counsel stated concern that Rieflin's condition had deteriorated during the appeal process. Proceedings were held on said application on January 24, 1997. The following colloquy between the district court and defendant's counsel took place:

> THE COURT: You are requesting that be set for hearing?
>
> MR. PARRISH: I ask the court to rule on it.
>
> THE COURT: You want a ruling done on what has been filed?
>
> MR. PARRISH: Yes.
>
> THE COURT: I will find that and do that then.
>
> MR. PARRISH: All right.
>
> . . . .
>
> THE COURT: Okay. Do you anticipate needing another hearing or is this something you want to discuss now?
>
> MR. PARRISH: I want to discuss it now particularly in light of the trial date in May.... We believe, Your Honor, that due to the delay, due to the fact that he is still suffering from this disease, he has not been given anything but medication for it, that in order to appear for the trial he needs to be reexamined and opinion delivered to the court to see whether or not at this point he is still competent to stand trial.... The nature of his mental disease is his condition varies. I think to go to trial we need to know what his status is now. *That's the only argument I want to make with regard to that. I don't believe it's necessary to present any evidence or*

---

4. The holding in *Rieflin* and the facts which led to the decision are not part of this appeal.

5. Logan had last evaluated the defendant on January 12, 1996.

*offer any professional statement on the issue.* (Emphasis added.)

The district court issued a ruling on February 20, 1997, denying the application for an additional evaluation. The ruling states:

The motion for the psychiatric evaluation is filed by the defendant less than a month after the Iowa Supreme Court filed its ruling that the defendant was competent to stand trial. There is nothing in the application for psychiatric evaluation to indicate any change in the defendant's condition from the time of the last evaluation which led to my order of April 17, 1996, finding the defendant competent.

. . . .

It does not, based on the information provided in the application filed by the defendant, reasonably appear that the defendant's condition is any different from what it was at the time of the last hearing.

IT IS, THEREFORE, ORDERED that the application for psychiatric evaluation filed by the defendant on January 13, 1997, is denied.

The United States Supreme Court denied the defendant's petition for writ of certiorari on May 12, 1997. Trial was commenced that day and a verdict was rendered on May 29, 1997. Sentencing was set for June 4, 1997. On that date, Rieflin filed an additional motion to determine competency. It was alleged he was not competent to be sentenced. Rieflin requested a hearing to determine competency and also requested sentencing be delayed until such determination. The district court denied the motion and sentencing occurred as scheduled on that date.

■ The issue before us on appeal is whether the district court erred in failing to conduct yet another competency hearing. The issue of Rieflin's competency had been the subject of three separate hearings before his interlocutory appeal. All of the competency findings made by the district court were affirmed. It is true several months had passed since the last evaluation. However, once a competency finding is made by a district court, the presumption of competency continues until additional evidence to the contrary is presented by a defendant. *Jackson,*

305 N.W.2d at 425–26. The Supreme Court stated:

Once a defendant is found competent, the presumption of competency continues until contrary evidence is produced. *See State v. Thomas,* 205 N.W.2d 717, 721 (Iowa 1973). Defendant asserts, however, that the question of competency is always open, citing *[State v.] Kempf,* 282 N.W.2d 704 (Iowa 1979). It is true that a defendant may present evidence of incompetency at any point in the proceedings. But after an adjudication of competency, new or additional evidence must be produced by defendant to overcome the presumption of competency the law imposes. In the absence of such additional proof, the trial judge was not obliged to reconsider the same evidence upon which the competency hearing judge had already determined defendant was competent to stand trial. *Kempf* only addressed [the] trial court's continuing duty to consider evidence of incompetency that was not presented previously due to [the] trial court's failure to hold a competency hearing. *Id.* at 706–07. Here, a pretrial competency hearing was held, and the competency issue decided adversely to defendant. Thus, no "unresolved question" of defendant's competency existed until defendant produced evidence to generate such a question. *See id.* at 707. In the absence of additional evidence, [the] trial court properly relied on the competency hearing court's determination.

*Id.*

■ A mere allegation that a defendant is incompetent does not rebut this presumption. *Jones v. State,* 479 N.W.2d 265, 270 (Iowa 1991). The "contrary evidence" discussed in *Jackson* must be "such as would lead a reasonable person to believe a substantial question of defendant's competency exists." *Id.*

In the instant case, Rieflin filed an application seeking another evaluation on January 8, 1997, but did not request a hearing to present "contrary evidence" even though the opportunity for such was given by the district court. Counsel presented an argument on January 24, 1997, but concluded by stating, "I don't believe it's necessary to present any

evidence or offer any professional statement on the issue."

■ In summary, Rieflin did not request a hearing, did not request an opportunity to present contrary evidence, did not offer any affidavits, and did not offer any professional statement. In such a situation, the presumption of competency must stand. The same analysis applies to the motion prior to sentencing. We conclude the district court did not deny Rieflin due process. We affirm on this issue.

■ **III. REBUTTAL CLOSING ARGUMENT.** Rieflin argues the district court erred in denying his request for a rebuttal closing argument since the insanity issue was presented at trial. Specifically, he argues his due process right to a fair trial was denied. We review constitutional issues de novo. *State v. Haviland,* 532 N.W.2d 767, 768 (Iowa 1995).

■ Rieflin requested he be allowed rebuttal in closing arguments. This request was denied by the district court. We agree.

Iowa Rule of Criminal Procedure 18(1)(b) provides:

> When the evidence is concluded, unless the case is submitted to the jury on both sides without argument, the prosecuting attorney must commence, the defendant follow by one or two counsel, at the defendant's option, unless the court permits the defendant to be heard by a larger number, and the prosecuting attorney conclude, confining himself or herself to a response to the arguments of the defendant's counsel.

Iowa R.Crim. P. 18(1)(b).

A similar request was made in *State v. Britton,* 468 N.W.2d 36 (Iowa 1991). That request was also denied by the district court. The issue was affirmed on appeal. The Supreme Court stated:

> The sole contested issue in this criminal trial concerned the accused's affirmative defense of insanity. The sole question on appeal is whether defendant should have been allowed to open and close the jury arguments. The trial court rejected de-

fendant's request to open and close and allowed the State to do so. We affirm. *Britton,* 468 N.W.2d at 37.

Our review of the record shows counsel for Rieflin was able to thoroughly and completely argue the insanity defense during his closing argument. *See State v. VanHoff,* 371 N.W.2d 180, 186 (Iowa App.1985). We conclude the district court did not err in denying Rieflin's request for rebuttal argument. We therefore affirm the district court on this issue.

**AFFIRMED.**