# IN THE COURT OF APPEALS OF IOWA

No. 21-1985
Filed June 21, 2023

**TRENT ALLEN WILLIAMS,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Jeffrey Farrell, Judge.


        The applicant appeals the district court's denial of his request for postconviction relief from his convictions for failure to register as a sex offender and assault on a peace officer. **AFFIRMED.**


        Agnes Warutere, Ankeny, for appellant.

        Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee State.


        Considered by Bower, C.J., Badding, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**CARR, Senior Judge.**

Trent Williams appeals the district court's denial of his request for postconviction relief (PCR) from his convictions for failure to register as a sex offender and assault on a peace officer. He claims he received ineffective assistance because defense counsel allowed him to plead guilty when there were questions about his competency. He also claims he received ineffective assistance from PCR counsel. We affirm the district court's decision finding Williams has not shown he received ineffective assistance at the time of his guilty pleas. In addition, he has not shown he received ineffective assistance from PCR counsel.

## I. Background Facts & Proceedings

In AGCR307746, Williams was charged with failure to register as a sex offender, in violation of Iowa Code section 692A.104 (2017). On August 4, 2017, the court ordered a competency evaluation for Williams and suspended the proceedings. On September 8, the court found, "based on the interactions of the Defendant with the Court[,] that he is competent to stand trial and the stay previously imposed should be lifted and this criminal proceeding is reinstated."

Williams appeared for a hearing on September 21, and based on his conduct the court found his competency was questionable. The court ordered Williams to be transported to a psychiatric hospital for an evaluation. Pursuant to section 812.3 further proceedings were suspended.[1] The State filed a

---

[1] Section 812.3 provides:

> 1. If at any stage of a criminal proceeding the defendant or the defendant's attorney, upon application to the court, alleges specific facts showing that the defendant is suffering from a mental

psychiatrist's report on November 17 that gave the opinion Williams was competent to stand trial. Following a hearing, on November 27 the court found Williams was competent and the stay was lifted.

When Williams was determined to be competent, the State charged him in SRCR311553 with assault on a peace officer, in violation of section 708.3A(4). In December, Williams entered into a combined plea agreement for violation of the sex offender registry and assault on a peace officer. The district court accepted his guilty pleas. His sentences were suspended, and he was placed on probation for a period of two years.

On March 23, 2018, the State filed a report of probation violations in AGCR307746 and SRCR311553, alleging Williams "punched an individual in the face while at a hospital" and was not living at his reported residence. While the matter was pending, the court ordered that Williams have a competency

---

disorder which prevents the defendant from appreciating the charge, understanding the proceedings, or assisting effectively in the defense, the court shall suspend further proceedings and determine if probable cause exists to sustain the allegations. The applicant has the burden of establishing probable cause. The court may on its own motion schedule a hearing to determine probable cause if the defendant or defendant's attorney has failed or refused to make an application under this section and the court finds that there are specific facts showing that a hearing should be held on that question. . . .

    2. Upon a finding of probable cause sustaining the allegations, the court shall suspend further criminal proceedings and order the defendant to undergo a psychiatric evaluation to determine whether the defendant is suffering a mental disorder which prevents the defendant from appreciating the charge, understanding the proceedings, or assisting effectively in the defense. . . . If an evaluation has been conducted within thirty days of the probable cause finding, the court is not required to order a new evaluation and may use the recent evaluation during a hearing under this chapter.

evaluation. Williams was transported to the Iowa Medical and Classification Center where he was evaluated by another psychiatrist in August 2018. Williams was diagnosed with schizoaffective disorder. The psychiatrist determined he was competent to stand trial, opining:

> Even when his manner of speaking is disorganized, he is eventually able to provide logical responses. He understands the charges against him. He has a rational and factual understanding of the court process, including key personnel and their functions. He is able to work effectively with defense counsel, although some challenges may arise. While he was irritable and argumentative at times during this interview, he remained calm and cooperative at other times when discussing the same topics. . . . He is aware of appropriate courtroom behavior, and he appears able to manage his own behavior.

Following a chapter 812 hearing, on September 12 the court entered an order finding Williams competent to stand trial.

Williams represented himself for the probation violation hearing. The court found, "Based on the evidence presented, Defendant's mental health issues and the fact that this incident occurred while Defendant was seeking both medical attention and mental [health] attention the Court Orders that the Defendant should remain on probation under all of the initial terms of probation."

On December 20, the State filed a new report of probation violations in AGCR307746 and SRCR311553, alleging Williams was not participating in mental-health treatment and was not living at his reported residence. Also, on January 11, 2019, the State alleged Williams violated probation by failing to comply with the sex offender registry requirements. The State further charged Williams in FECR323465 with failure to comply with the sex offender registry, second or

subsequent offense, a class "D" felony. The trial information was amended to charge Williams as a habitual offender.

At this point, the proceedings in AGCR307746 and SRCR311553 took different paths. In AGCR307746, the court entered an order on April 1 suspending the proceedings under section 812.3. The court scheduled a hearing "to determine whether there is probable cause that defendant is suffering from a mental disorder which prevents him/her from appreciating the charge, understanding the proceedings, or assisting effectively in the defense, and whether the Court should order a psychiatric evaluation." No further orders were entered regarding Williams's competency in AGCR307746.

In SRCR311553, on April 1, the court found "probable cause that the defendant is suffering from a mental disorder which prevents the defendant from appreciating the charge, understanding the proceedings, or assisting effectively in the defense." The proceedings were suspended, and Williams was referred for a competency evaluation by the court.[2] The court held a hearing on April 18 to determine whether Williams had been restored to competency.[3] The court found, "By a preponderance of the evidence that the Defendant's competency has been restored in that the Defendant is able to appreciate the charge, understand the proceedings and effectively assist in the Defendant's defense." The court entered

---

[2] The psychologist assigned to conduct the competency evaluation informed the court he could not conduct the evaluation because the State Public Defender's Office would only pay for evaluations made at the request of the defense attorney. Williams was representing himself at the time and did not request an evaluation.

[3] The hearing transcript has the file numbers SRCR311553 and FECR323465. The transcript does not reference AGCR307746. The competency proceedings in FECR323465 tracked those in SRCR311553.

an order finding Williams's competency was restored under section 812.8(5). The stay was lifted and the criminal proceedings reinstated.

On August 30, the court entered a joint order in AGCR307746 and SRCR311553 revoking Williams's probation. He was sentenced to a term of two years and one year respectively, to be served consecutively.

Additionally, in FECR323465 a jury found Williams guilty of failure to comply with the sex offender registry. Williams admitted his previous convictions, and the court found he was a habitual offender. Williams was sentenced to a term of imprisonment not to exceed fifteen years, to be served consecutively to his sentence on the probation violations. Williams represented himself throughout the proceedings in FECR323465.

On December 20, Williams filed a PCR application seeking relief in AGCR307746 and SRCR311553. Williams also filed a PCR application for FECR323465 on June 15, 2020. The matter was consolidated with the pending PCR proceedings in AGCR307746 and SRCR311553. Williams claimed he received ineffective assistance because defense counsel did not adequately investigate his mental-health status at the time he pled guilty in December 2017. In an amended petition, Williams also claimed the court did not have authority to revoke his probation in AGCR307746 because the court never found he was competent following the stay order entered on April 1, 2019.

Williams testified at the PCR hearing that at the time he pled guilty to failure to register and assault on a peace officer his mental health was deteriorating because he was not taking his medication. He agreed to the plea agreement because there was a recommendation for probation. Williams stated that he did

not believe he was competent at the time he pled guilty. He also testified that he did not communicate with his defense counsel that his reasoning was diminished.

Defense counsel testified the State made an offer for Williams to receive probation and Williams decided to accept the offer. Defense counsel stated he would have raised the issue of competency if it was warranted. In testifying about his meeting with Williams, he stated, "Nothing about our interaction sticks out in my mind as something that would raise concern in terms of how that interaction went." Defense counsel also stated, "Nothing about his conduct was concerning to me."

The district court denied Williams's PCR application. The court found defense counsel did not breach an essential duty at the time of Williams's guilty pleas, noting Williams testified he did not inform defense counsel of the extent of his mental-health problems. The court also found Williams did not show he was prejudiced by counsel's conduct. Concerning the claim that the earlier court did not have authority to revoke Williams's probation in AGCR307746, the PCR court found the earlier court inadvertently failed to file the order finding Williams competent in that case, although that court filed a competency order in the other two cases. The PCR court stated, "The order finding Mr. Williams to be competent was clearly intended to apply to all cases." Williams appeals the district court's decision denying his PCR application.

## II.      Standard of Review

In general, we review a district court's denial of a PCR application for the correction of errors of law. *Goode v. State*, 920 N.W.2d 520, 523 (Iowa 2018).

However, when an applicant raises a constitutional claim, such as ineffective assistance of counsel, our review is de novo. *Id.*

### III. Ineffective Assistance

Williams contends that he received ineffective assistance because defense counsel did not do enough at the time he pled guilty in December 2017 to determine if he was competent to enter the guilty pleas. Williams points out that there were concerns about his competency at several points during the criminal proceedings. Williams stated that he did not believe he was competent at the time he pled guilty.

We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). To establish a claim of ineffective assistance of counsel, an applicant must prove: (1) counsel failed to perform an essential duty and (2) the failure resulted in prejudice. *State v. El-Amin*, 952 N.W.2d 134, 138 (Iowa 2020). "We presume counsel performed competently unless the claimant proves otherwise by a preponderance of the evidence." *State v. Booth-Harris*, 942 N.W.2d 562, 577 (Iowa 2020). When there has been a guilty plea, to show prejudice an applicant must establish that "there is a reasonable probability that, but for counsel's error he or she would not have pleaded guilty and would have insisted on going to trial." *Horton v. State*, 966 N.W.2d 663, 666 (Iowa Ct. App. 2021) (citation omitted).

Williams had a competency evaluation in November 2019 and was found competent to stand trial. Following a hearing, on November 27 the court found Williams was competent and the stay was lifted. Williams appeared in court about one month later, on December 28, and pled guilty to the charges. "[O]nce a

competency finding is made by a district court, the presumption of competency continues until additional evidence to the contrary is presented by a defendant." *State v. Rieflin*, 589 N.W.2d 749, 752 (Iowa Ct. App. 1998).

Although Williams testified at the PCR hearing that his mental health deteriorated during this one-month period, he admitted he did not inform defense counsel about his condition. Defense counsel stated, "Nothing about his conduct was concerning to me." Defense counsel also stated that if anything caused him concern about Williams's competency he would have raised the issue with the court. "A defendant is initially presumed to be competent. The burden of proving incompetency to stand trial, by a preponderance of the evidence, is on the defendant." *State v. Rhode*, 503 N.W.2d 27, 35 (Iowa Ct. App. 1993) (internal citation omitted). We determine Williams has not shown he was incompetent or that defense counsel breached an essential duty.

Furthermore, we find Williams has not shown he was prejudiced by counsel's performance. Williams testified that he agreed to the plea agreement because there was a recommendation for probation. He stated the main thing he wanted was to get out of jail, and the plea agreement accomplished that. Williams has not shown that under other circumstances he would have insisted on going to trial, rather than pleading guilty. We conclude Williams has not shown he received ineffective assistance of counsel.

## IV. Postconviction Counsel

**A.** On appeal, Williams claims he received ineffective assistance from postconviction counsel. Our review of a claim of ineffective assistance from postconviction counsel is the same as a claim of ineffective assistance from trial

counsel. *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994). "Representation is presumed competent and a defendant has the burden to prove by a preponderance of the evidence that counsel was ineffective." *Id.* A party must also show prejudice due to counsel's conduct. *Id.*

Williams asserts PCR counsel should have done more to question the probation revocation proceedings in AGCR307746. In that case, the court entered an order on April 1, 2019, suspending the proceedings under section 812.3. There were orders finding Williams competent in SRCR311553 and FECR323465, but a similar order was not filed in AGCR307746 prior to the revocation of his probation in the case.

This issue was raised by PCR counsel, and the court ruled on it. The court found:

> The case files show that these three cases were running the same procedural track. The two misdemeanor cases were sentenced together and the reports of probation violation were jointly filed in both cases. Once the felony failure to register charge was filed, the two probation violation cases followed the pending felony case because a conviction on the failure to register case would be a definitive violation and there was no need to litigate any other alleged violations. The court's orders filed on April 1, 2019 raising the competency issue were filed in all three cases. The April 18, 2019 order was filed in two of the case files, but it was clear that it was only inadvertently missed in the AGCR case. The cases continued to track together through sentencing in all three cases. The order finding Mr. Williams to be competent was clearly intended to apply to all cases. There is no due process violation

Williams has not shown PCR counsel breached an essential duty, as the issue was raised by counsel. Williams's disagreement with the court's ruling does not mean he received ineffective assistance during the PCR proceedings.

**B.** Williams also claims he received ineffective assistance from PCR counsel in relation to FECR323465. He asserts PCR counsel should have raised issues concerning: (1) the court's failure to appoint counsel for the competency hearing; (2) prosecutorial misconduct; (3) procedural discrepancies in the proceedings where Williams admitted to his previous convictions; and (4) the court's failure to appoint counsel for Williams's appeal.

On the first three issues, Williams is essentially asserting that if he had competent counsel during the proceedings in FECR323465, the result of that action might have been different.[4] He then claims PCR counsel should have raised these issues. The problem with Williams's argument is that he represented himself throughout the proceedings in FECR323465. "[A] defendant cannot knowingly and intelligently make an election to proceed pro se and then, having lost his trial on the merits, seek a reversal on appeal by claiming ineffective assistance of counsel." *State v. Hutchison*, 341 N.W.2d 33, 42 (Iowa 1983). "[T]he law does not judge by two standards, one for lawyers and the other for lay persons. Rather, all are expected to act with equal competence. If lay persons choose to proceed pro se, they do so at their own risk." *State v. Robinson*, No. 19-1229, 2021 WL 5105118, at *10 (Iowa Ct. App. Nov. 3, 2021) (citation omitted). Williams is unable to claim that he received ineffective assistance during FECR323465.

---

[4] Williams's appellate brief states, "Any marginally competent counsel would have objected to these actions by the prosecution," and "All this relates back to the issue that competent counsel would have noted that Mr. Williams was not capable of entering into a plea agreement and that competent counsel would have brought it to the court's attention that competency had not actually been restored."

Furthermore, even if PCR counsel raised the issues Williams now raises on appeal, the result of the PCR hearing would not be different. In the PCR ruling, the court addressed concerns about Williams's competency during the proceedings in FECR323465. The court stated:

> This case was obviously complicated because Mr. Williams was presenting himself and had no interest in claiming incompetency. In the best-case Monday-morning-quarterback scenario, the court would have appointed an attorney for the competency hearing, the attorney would have joined the probable cause request, and the evaluation would have been paid and taken place as originally planned. Still, Mr. Williams represented himself at trial in accord with his own wishes and under the eye of a trial judge who monitored his competency during the course of the trial.

The court concluded, "Accordingly, even if this issue had been squarely raised by Mr. Williams, he would not be entitled to post-conviction relief."

We determine Williams has not shown he was prejudiced during the felony case. *See Linn v. State*, 929 N.W.2d 717, 731 (Iowa 2019) (stating that to establish prejudice a party must affirmatively demonstrate there is a reasonable probability that but for counsel's errors the result of the proceedings would be different).

We continue to the fourth issue, whether the court should have appointed counsel for Williams's appeal in FECR323465. Following sentencing, Williams filed a pro se motion for arrested judgment with the Iowa Supreme Court. On November 22, 2019, the supreme court determined his motion should be treated as a notice of appeal. Williams was directed to pay a filing fee or request a waiver of the filing fee. In addition, he was directed to file a combined certificate.

In January 2020, Williams sent some letters to the supreme court, which the court interpreted as a request for the appointment of appellate counsel. The supreme court ruled, "If a finding of indigency has not previously been made, the

defendant must file with the district court an application for appellate counsel along with a financial statement." Also, "[I]f appellant desires the appointment of appellate counsel he must file an application and financial statement with the district court." Williams represented himself throughout the trial court proceedings for FECR323465. Because he had not sought the appointment of counsel, he had not previously filed a financial statement in the felony case.

On March 11, Williams filed a request for appellate counsel in the district court. He did not submit a financial affidavit in FECR323465, but he instead stated that he had submitted a financial affidavit in the PCR action for AGCR307746 and SRCR311553, which was filed on December 20, 2019, and asked the court to consider that.

On April 21, 2020, the supreme court sent out a new order directing Williams to file a financial affidavit with the district court in the case he was appealing, FECR323465,[5] and to file a combined certificate that complied with appellate rules. On June 2, Williams again asked for the appointment of counsel, stating the court had a current financial record in the PCR case.

Williams did not file a financial affidavit in the district court in FECR323465. In addition, he did not file a combined certificate that complied with the appellate rules. His appeal was dismissed on June 1 for failure to comply with appellate rules. Procedendo issued on July 10.[6]

---

[5] The court's order directed Williams "to file financial affidavit in this dct number." The court's order was thus requiring Williams to file a financial affidavit in FECR323465, the case he was appealing.

[6] On June 15, 2020, Williams filed a PCR application in FECR323465 and requested the appointment of counsel for his PCR action. After procedendo had

We conclude Williams cannot show he received ineffective assistance due to PCR counsel's failure to raise an issue concerning the district court's failure to appoint appellate counsel for Williams. The supreme court directed Williams twice, on February 28 and April 21, to file a financial affidavit in FECR323465. Despite this, he did not file a financial affidavit with the district court to support his request for court-appointed counsel. We conclude that even if PCR counsel had raised this issue it would have been unsuccessful. Williams is unable to show prejudice due to the conduct of PCR counsel. *See id.*

We affirm the district court's decision finding Williams has not shown he received ineffective assistance at the time of his guilty pleas in AGCR307746 and SRCR311553. In addition, he has not shown he received ineffective assistance from PCR counsel.

**AFFIRMED.**

---

already been issued in his direct appeal, Williams filed a financial affidavit on July 31, to support his request for counsel in the PCR proceedings.